IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAR 05 2026

Nathan Ochsner, Clerk of Court

CLAYTON BROTHERS,
Petitioner,

v.     CIVIL NO

THE STATE OF TEXAS,
(through the Harris County District Attorney, or alternatively, the Harris County Sheriff, as custodian),
Respondent.

## PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Clayton Brothers, Petitioner, a pretrial detainee in custody in Harris County, Texas, and files this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, seeking relief from unconstitutional pretrial detention and proceedings in Cause Nos. 1487636, 1487637, 1487638, and 1487639 in the 351st Judicial District Court of Harris County, Texas. Petitioner asserts violations of the Fifth and Fourteenth Amendments to the United States Constitution, as incorporated against the states. Specifically, Petitioner seeks dismissal of the Prosecution and a bar to trial because:
(1) retrial in Cause No. 1487639 is barred by double jeopardy due to prosecutorial goading of a mistrial;  (2) the prosecution knowingly elicited false or misleading testimony contradicting prior forensic records; and  (3) the State destroyed material exculpatory CPS records in bad faith during a pending criminal investigation.

1. Petitioner invokes this Court's jurisdiction under 28 U.S.C. § 2254(a), as he is in custody pursuant to the judgment or process of a state court, and the challenged proceedings violate federal constitutional rights. Although pretrial habeas is

extraordinary, it is warranted where, as here, constitutional violations threaten irreparable harm that cannot be remedied post-trial, such as double jeopardy bars to retrial or due process deprivations rendering a fair trial impossible. Abney v. United States, 431 U.S. 651, 659-62 (1977) (double jeopardy claims cognizable pretrial to prevent the harm of trial itself); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-90 (1973) (federal habeas available pretrial for speedy trial and double jeopardy claims).

## I. EXHAUSTION OF STATE REMEDIES AND EXCEPTION UNDER § 2254(b)(1)(B)

2. Petitioner has filed a pretrial application for writ of habeas corpus in the state trial court under Texas Code of Criminal Procedure Articles 11.08 and 11.09, raising these identical claims. [ Exhibit A]. The Trial date is scheduled for March 6, 2026 on Harris County Rush Docket, and any further pursuit would be futile or ineffective.

3. Under 28 U.S.C. § 2254(b)(1)(B), exhaustion is excused where there is an "absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant. Here, state remedies are ineffective because: (1) double jeopardy protections are irreparably lost if trial proceeds, requiring pretrial vindication (Ex parte Robinson, 641 S.W.2d 552 (Tex. Crim. App. 1982), but if denied, appellate delays render process illusory); (2) due process violations from destroyed evidence and false testimony cannot be undone post-trial, as lost records prevent a complete defense and contradictory testimony taints the fact-finding process (California v. Trombetta, 467 U.S. 479 (1984)); and (3) Texas precedent firmly establishes high bars for relief on these claims, making further exhaustion futile. See, e.g., Ex parte Napper, 322 S.W.3d 202 (Tex. Crim. App. 2010) (requiring bad faith for spoliation, rarely found absent overt misconduct).

4. Federal courts excuse exhaustion in such futility cases, especially for double jeopardy and due process claims threatening the right to avoid trial. See, e.g., McCleskey v. Zant, 499 U.S. 467, 479 (1991) (exhaustion not required if state process inadequate); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam) (excuse where state remedies ineffective); Ward v. Wolfenbarger, 323 F. Supp. 2d 818, 825 (E.D. Mich. 2004) (excusing exhaustion for double jeopardy claim due to futility under state law).

5. In Harmon v. Barton, 894 F.2d 1268, 1273 (11th Cir. 1990), exhaustion was excused where state procedural bars foreclosed relief, as here with Texas's stringent requirements.

6. Requiring further state exhaustion would force Petitioner into the very trial the Constitution prohibits, undermining comity while failing to protect federal rights. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (implicit procedural default where return to state futile). This Court should thus proceed to the merits or, alternatively, stay proceedings if needed under Rhines v. Weber, 544 U.S. 269 (2005).

## II. STATEMENT OF THE CASE

7. Petitioner is charged in Cause Nos. 1487636-1487639 with offenses involving delayed allegations of sexual misconduct. During pretrial, defense sought discovery of CPS records, CAC forensic interviews, medical exams, and prior investigative files. At a September 18, 2020 hearing, the State admitted CPS destroyed records under retention policy despite awareness of a pending HPD criminal investigation initiated in 2014. Transcript: "... *cases where sexual abuse is ruled out are destroyed in 18 months.*" Defense noted: "Texas CPS was aware that an investigation was beginning... HPD became involved in 2014 and contacted CPS."

8. A 266 Page Report has only 47 intermittent pages retained; the rest were irretrievably deleted, depriving Petitioner of exculpatory material like witness statements and credibility assessments.

9. In Cause No. 1487639, a mistrial was granted after the prosecutor elicited highly prejudicial testimony of Petitioner's prior federal incarceration. During cross-examination on bias/financial motive from divorce, the prosecutor asked on redirect: "Where was he?" eliciting "In federal prison." The court granted mistrial, stating: "there's no way you can unring that bell."

10. The prosecutor admitted intent: to counter defense's motive implication regarding property/silver.

11. At trial on October 14, 2025, the prosecutor elicited complainant false testimony.

12. Pretrial hearings confirmed the State's awareness: "The complainant said she was 12 at the time; said she was a virgin. Allegations here are penetration."

### III. GROUND ONE: DOUBLE JEOPARDY BAR TO RETRIAL IN CAUSE NO. 1487639

13. The Fifth Amendment, applicable via the Fourteenth, bars retrial where prosecutorial misconduct intentionally goads a mistrial. Oregon v. Kennedy, 456 U.S. 667, 676 (1982) (retrial barred if misconduct "intended to 'goad' the defendant into moving for a mistrial"). Jeopardy attached when the jury was empaneled and sworn. Crist v. Bretz, 437 U.S. 28 (1978).

14. The prosecutor deliberately elicited prejudicial prior incarceration evidence to counter defense's bias theory, knowing it would likely cause mistrial. barring retrial under Kennedy.

15. The prosecutor's admission here, strategically responding to defense despite obvious risk, evidences goading to avoid acquittal or gain advantage, as in Ex parte Masonheimer, 220 S.W.3d 494 (Tex. Crim. App. 2007). Retrial violates double jeopardy; dismissal required.

### IV. GROUND TWO: DUE PROCESS VIOLATION FROM KNOWING USE OF FALSE/MISLEADING TESTIMONY

16. Due process prohibits knowing use of false testimony or allowing it uncorrected if material. Napue v. Illinois, 360 U.S. 264, 269 (1959) (violation if "any reasonable likelihood" false testimony affected judgment); Giglio v. United States, 405 U.S. 150 (1972) (extends to uncorrected misleading impressions).

17. The State elicited complainant's testimony of repeated penetration, aware from pretrial hearings of her contradictory CAC statement: virgin at age 12, post-alleged events.

18. The State not only knew but elicited the contradiction without correction. The inconsistency undermines credibility and a core element (penetration), especially with allegations against multiple others, rendering it unbelievable.

19. Continued prosecution violates due process; dismissal warranted.

### V. GROUND THREE: DUE PROCESS VIOLATION FROM BAD FAITH DESTRUCTION OF CPS RECORDS

20. Due process requires preservation of apparently exculpatory evidence or, for potentially useful evidence, no bad faith destruction. California v. Trombetta, 467 U.S. 479 (1984); Arizona v. Youngblood, 488 U.S. 51, 58 (1988) (bad faith where police know exculpatory value and destroy).

21. CPS destroyed investigative records (witness statements, credibility

assessments) despite notice of pending HPD probe, evincing bad faith beyond routine policy.

22. No comparable evidence exists; prejudice is irreparable, preventing full defense. Dismissal required.

## VI. REQUEST FOR EVIDENTIARY HEARING

23. If facts are disputed, Petitioner requests a hearing under 28 U.S.C. § 2254(e)(2).

## VII. PRAYER FOR RELIEF

24. Petitioner prays this Court: (1) issue the writ; (2) dismiss Cause Nos. 1487636-1487639; (3) bar trials; (4) grant any other relief.

Respectfully submitted,

Dated: March 5, 2026

Clayton Brothers,
Petitioner Pro Se
3903 Treaschwig Rd
Humble TX 77338
832-728-6356

**VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 5, 2026.

Clayton Brothers