United States Courts
Southern District of Texas
FILED

MAR 0 5 2026

Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

CLAYTON BROTHERS,
Petitioner,

v.                                                                CIVIL NO  4:26-cv-01822

THE STATE OF TEXAS,
(through the Harris County District Attorney, or
alternatively, the Harris County Sheriff, as custodian),
Respondent.

## MOTION FOR EMERGENCY STAY OF STATE COURT PROCEEDINGS

Petitioner Clayton Brothers, proceeding pro se, Incorporating his Petition for Habeas Corpus Relief herein by Reference, respectfully moves this Court pursuant to 28 U.S.C. § 2254 and Federal Rule of Civil Procedure 65(b) for a stay of the ongoing state criminal proceedings in Cause Nos. 1487636, 1487637, 1487638, and 1487639 in the 177st Judicial District Court of Harris County, Texas, pending resolution of his federal habeas corpus petition. In support, Petitioner states as follows:

### I. LEGAL STANDARD

This Court has inherent authority to stay state proceedings in habeas cases where necessary to preserve federal jurisdiction and prevent irreparable injury. 28 U.S.C. § 2251(a)(1) (authorizing stays of state court actions in habeas proceedings); see also McFarland v. Scott, 512 U.S. 849, 857-58 (1994) (federal courts may stay executions or proceedings in capital habeas; principle extends to pretrial contexts).

A. Federal stay is warranted upon a showing of: (1) likelihood of success on the merits; (2) irreparable harm absent a stay; (3) balance of equities favoring the petitioner; and (4)

public interest. Nken v. Holder, 556 U.S. 418, 434 (2009) (standard for stays); Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (stays appropriate in mixed habeas petitions to avoid prejudice, though here the petition is unexhausted due to futility).In pretrial habeas, stays are granted to halt trials that would violate double jeopardy or due process, as the harm is the trial itself. See, e.g., Justices of Boston Municipal Court v. Lydon, 466 U.S. 294, 303 (1984) (double jeopardy claims require pretrial intervention); Stow v. Murashige, 389 F.3d 880, 888 (9th Cir. 2004) (affirming stay of state retrial pending federal habeas on double jeopardy grounds).

B. Irreparable Harm Absent a Stay

Without a stay, Petitioner faces imminent trial, violating his Fifth and Fourteenth Amendment rights. Double jeopardy harm is irreparable post-trial (Abney, 431 U.S. at 660), and lost evidence/false testimony cannot be undone, denying a fair trial.C. Balance of Equities and Public InterestThe State faces no prejudice from a brief stay for federal review, while Petitioner risks unconstitutional prosecution. The public interest favors enforcing constitutional protections. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

## PRAYER FOR RELIEF

For these reasons, Petitioner requests this Court grant a stay of all state proceedings in the referenced causes pending resolution of the habeas petition, and award any further relief deemed just.

Respectfully submitted,

Clayton Brothers
Petitioner, Pro Se

Dated: March 5, 2026

## CERTIFICATE OF SERVICE

I certify that a copy of this motion was served on Respondent via Deposit at the District Clerks Office at 1201 Franklin St. on March 5, 2026.

Executed on March 5, 2026.

Clayton Brothers

ORDER GRANTING EMERGENCY STAY AND TEMPORARY RESTRAINING ORDER

Pending before the Court are Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, Motion for Stay of State Court Proceedings, Motion for Emergency Relief and Expedited Consideration, and supporting Affidavit.

Having considered the filings, the record, and applicable law, the Court finds good cause for emergency relief, as Petitioner demonstrates a substantial likelihood of success on claims involving double jeopardy barring retrial (Oregon v. Kennedy, 456 U.S. 667 (1982); Abney v. United States, 431 U.S. 651 (1977)), due process violations from uncorrected false testimony (Napue v. Illinois, 360 U.S. 264 (1959)), and bad faith spoliation of exculpatory evidence (Arizona v. Youngblood, 488 U.S. 51 (1988)), with irreparable harm absent immediate intervention.

IT IS THEREFORE ORDERED that Petitioner's motions are GRANTED in part.

Respondent, and all officers, agents, employees, servants, and persons in active concert or participation with Respondent, are TEMPORARILY RESTRAINED AND ENJOINED from proceeding with any trial, hearings, or other substantive actions in Cause Nos. 1487636, 1487637, 1487638, and 1487639 in the Criminal District Court of Harris County, Texas, pending further order of this Court or resolution of the habeas petition.

This Temporary Restraining Order shall remain in effect until  fourteen (14) days from entry  or until the Court holds an evidentiary hearing and rules on a preliminary injunction, whichever occurs first, pursuant to Fed. R. Civ. P. 65(b).

The Court will expedite review of the Petition. Respondent shall file a response within twenty (20) days of service, and Petitioner may reply within fourteen (14) days thereafter. The Clerk shall issue an Order to Show Cause forthwith and serve this Order

on Respondent immediately.

No security bond is required under Fed. R. Civ. P. 65(c), as no monetary harm to Respondent is anticipated from a brief stay.

SO ORDERED.

Signed at Houston, Texas, this ___ day of March, 2026.